IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CEDAR KELLY**, | Case No. 3:21-cv-242-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendations in this case on November 2, 2021. ECF 34. Judge Beckerman recommended that this Court grant Defendant TD Bank's Motion to Dismiss. The Findings and Recommendation is silent as to whether Plaintiff should be given leave to amend.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff Cedar Kelly timely filed an objection. ECF 36. Plaintiff argues that the Court should deny Defendant TD Bank's Motion to Dismiss or, alternatively, give Plaintiff leave to amend his complaint. Plaintiff contends that he sufficiently pled that Defendant TD Bank's practice of reporting a single charge-off of a single account over numerous months adversely affected Plaintiff's FICO score as well as Plaintiff's ability to obtain new credit. Plaintiff asserts that Judge Beckerman's reliance on the Ninth Circuit's decision in *Steinmetz v. American Honda Finance*, 835 F. App'x 199 (9th Cir. 2020), is misplaced, because the plaintiff in *Steinmetz* did not allege specifically that his FICO score would be harmed by the way charge-offs were reported. Rather, Plaintiff argues, the plaintiff in *Steinmetz* alleged only that reporting charge-offs on multiple months damaged his creditworthiness generally. Judge Beckerman explained,

PAGE 2 – ORDER

however, that the plaintiff in *Steinmetz* did specifically allege that the practice damaged his FICO score. ECF 34, at 5. The Court agrees with Judge Beckerman that Plaintiff has not distinguished his FICO score argument from the argument the Ninth Circuit rejected in *Steinmetz*.

Plaintiff also argues that, unlike the plaintiff in *Steinmetz*, his theory is not only that an individual reading his credit report might be misled by the way charge-offs are reported, but also that automated underwriting systems would not be capable of distinguishing between multiple charge-off notices on a single account and multiple charged-off accounts. Judge Beckerman concluded that Plaintiff failed meaningfully to distinguish the Ninth Circuit's holding in *Steinmetz* that "[t]he report of multiple charge-offs does not support a plausible claim under [the Fair Credit Reporting Act (FCRA)], because [the plaintiff] failed to plead that anyone would believe that the account had been charged off more than once." 835 F. App'x at 201 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 757 (9th Cir. 2018)). Although Plaintiff does advance such a distinguishing argument in his objections, the Court agrees with Judge Beckerman that, like the plaintiff in *Steinmetz*, Plaintiff here "failed to *plead* that anyone would believe that the account had been charged off more than once," *id.*, and whether "anyone" might be an automated underwriting system. Thus, the Court agrees with Judge Beckerman that Plaintiff's "theory of FCRA liability is the same theory the Ninth Circuit rejected in *Steinmetz*." ECF 34, at 6.

As noted, the Findings and Recommendation is silent as to whether Plaintiff should be given leave to amend. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Leave is not, however, "to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Courts are to consider "the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether

PAGE 3 – ORDER

plaintiff has previously amended his complaint.'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). The Court does not find that amendment would necessarily be futile, and the remaining for factors in evaluating whether to grant leave to amend do not apply. Thus, Plaintiff has 30 days from the date of this Order to file an amended complaint.

As supplemented herein, the Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 34. The Court GRANTS Defendant TD Bank's Motion to Dismiss, ECF 27. Plaintiff is granted leave to amend the complaint within 30 days.

**IT IS SO ORDERED**.

DATED this 31st day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER